Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Tricia L. Hynes, Esq. (SBN: 212550)
thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
CITY OF PETALUMA and
OFFICER PAUL ACCORNERO

ORIGINAL FILED
OCT 3 0 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN ATKINS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PETALUMA; PETALUMA POLICE DEPARTMENT; OFFICER PAUL ACCORNERO; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: C07-05524 SI<br><br>DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 and 1441(b) & (c)<br>[Removal based on Federal Question] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT DEFENDANTS CITY OF PETALUMA and OFFICER PAUL ACCORNERO hereby remove to this Court the state court action described below:

On September 14, 2007, an action was commenced in the Superior Court of the State of California, in and for the County of Marin, entitled "MELVIN ATKINS, Plaintiff v. CITY OF PETALUMA; PETALUMA POLICE DEPARTMENT; OFFICER PAUL ACCORNERO; and DOES 1 through 100, inclusive, Defendants." It was assigned case number CV-074392 by the Marin County Superior Court. This action is attached hereto as Exhibit A.

1. Defendants were served with the Summons and Complaint on or about October 4, 2007.

///

///

2. This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(b) & (c) in that the nature of the claims purport to arise under the Constitution and laws of the United States. Specifically, the action alleges violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution through 42 U.S.C. § 1983, in that Plaintiff alleges that "[he] was denied his Federal Constitutional rights...." Plaintiff further alleges that Defendants "...deprived him of liberty without due process of law, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States...." (Complaint, p. 5, ¶ 21 and p. 6, ¶ 24).

Dated: October 30, 2007

Respectfully Submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
Kimberly E. Colwell
Attorneys for Defendants
CITY OF PETALUMA and
OFFICER PAUL ACCORNERO

1019518_1

# EXHIBIT A

OCT-03-2007(WED) 09:51   ONE    AL. INC.   Case 3:07-cv-05524-SI   Document 1   Filed 10/30/2007   (FAX)1+5   373+0984   Page 4 of 13   P. 005/033

09/14/2007 09:28 FAX  4153312738        LAW OFFICES OF BONNER                            ☒005/014

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SEP 14 2007
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF PETALUMA; PETALUMA POLICE DEPARTMENT;
OFFICER PAUL ACCORNERO; and DOES 1 through 100
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
MELVIN ATKINS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
MARIN COUNTY SUPERIOR COURT
3501 CIVIC CENTER DRIVE
SAN RAFAEL, CA 94903

**CASE NUMBER:**
*(Número del Caso):* CV 074392

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
A. CABRAL BONNER, ESQ. SB #247528        415-331-3070
1913 BRIDGEWAY
SAUSALITO, CA 94965

DATE: SEP 14 2007        KIM TURNER       Clerk, by _____ J. CHEN _____ , Deputy
*(Fecha)*                                 *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: City of Petaluma
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*: a public entity
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A

```
 1  CHARLES A. BONNER, ESQ. (SB# 85413)
    A. CABRAL BONNER, ESQ. (SB# 247528)
 2  LAW OFFICES OF CHARLES A. BONNER
    1913 BRIDGEWAY
 3  SAUSALITO, CA 94965
    TEL: (415) 331-3070
 4  FAX: (415) 331-2738
 5  ATTORNEYS FOR PLAINTIFF
    MELVIN ATKINS
 6
 7
 8              SUPERIOR COURT OF CALIFORNIA
 9                   COUNTY OF MARIN
10                  UNLIMITED JURISDICTION
11                                                       BY FAX
12  MELVIN ATKINS,
                                   Case No. CV 074392
13           Plaintiff,
                                   COMPLAINT FOR DAMAGES
14       v.
                                   1  VIOLATION OF CIVIL
15  CITY OF PETALUMA; PETALUMA        RIGHTS (42 U.S.C. § 1983);
    POLICE DEPARTMENT; OFFICER PAUL 2  VIOLATION OF CIVIL
16  ACCORNERO; and DOES 1 through 100   RIGHTS (42 U.S.C. § 1985).
    inclusive,                     3  NEGLIGENCE;
17                                 4  NEGLIGENT TRAINING and
             Defendants.              DELIBERATE INDIFFERENCE
18                                 5  ASSAULT and BATTERY;
                                   6. INTENTIONAL INFLICTION
19                                    OF EMOTIONAL DISTRESS;
                                   7  NEGLIGENT INFLICTION OF
20                                    EMOTIONAL DISTRESS;
                                   8  TRESPASS TO CHATTELS
21
                                   Jury Trial Demanded
22
                     INTRODUCTION
23
        This is a complaint for damages against: THE CITY OF PETALUMA (hereinafter
24
    "DEFENDANT CITY"); PETALUMA POLICE DEPARTMENT (hereinafter 'DEFENDANT
25
    POLICE DEPARTMENT'); and PAUL ACCORNERO), Petaluma Police Officer (hereinafter
26
    'DEFENDANT ACCORNERO'); for violations of Plaintiff's constitutional and common law rights.
27
    Plaintiff alleges that DEFENDANT ACCORNERO negligently allowed his K-9 attack dog off the
28
    leash in violation of city and county ordinances. DEFENDANT ACCORNERO's negligence
```

FILED
SEP 14 2007
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

COMPLAINT FOR DAMAGES
1

resulted in an unprovoked and vicious attack by the K-9 against Plaintiff. The attack caused Plaintiff to suffer severe physical injuries, constant physical pain, and permanent mental and psychic anguish. Plaintiff further alleges that Defendants CITY and POLICE DEPARTMENT are liable for failing to adequately train and supervise Police Officers responsible for vicious and deadly K-9 attack dogs.

## STATEMENT OF FACTS

1. On December 19, 2006, at approximately 6:25 a.m., Plaintiff MELVIN ATKINS (hereinafter 'MR. ATKINS') was riding a bicycle down the street across from the local Sheriff Department Station in Marin City. As MR. ATKINS rode past, a Petaluma Police Department officer (DEFENDANT ACCONERO) was taking his K-9 attack dog, a Belgian Malinois named Roy, from the back of a patrol car. The dog saw MR. ATKINS and bolted towards him as if to attack. Startled, knowing that police K-9s are highly trained attack dogs, MR. ATKINS hit his brakes hard, causing him to fly forward over the handle bars and into the air.

2. As the dog approached, MR. ATKINS heard Defendant ACCORNERO give the dog a "NO!" command. MR. ATKINS hit the ground hard with a thud. Dazed, MR. ATKINS could feel the dog biting him in several different spots on his body. After the attack, MR. ATKINS could feel DEFENDANT ACCORNERO trying to place himself between MR. ATKINS and the dog, while continuing to give the dog the "NO!" command. As MR. ATKINS lay on the ground, he could see DEFENDANT ACCORNERO physically carrying the dog away in his arms and continuing to give the "NO!" command as the dog continued to bark

3. MR. ATKINS, in pain but mistakenly believing the pain would subside, waited about 5-10 minutes before riding away. Later that day, MR. ATKINS was seen at Marin General Hospital. MR. ATKINS suffered physical damage as well as emotional and psychic trauma.

4. As a result of the negligence of DEFENDANT ACCONERO, and the failure of DEFENDANTS CITY AND POLICE DEPARTMENT to properly train its officers and attack dogs, and for showing deliberate indifference towards the rights of US citizens, MR. ATKINS suffered severe damage to his right arm, including injuries to his right elbow and forearm. In addition to MR. ATKINS physical injuries, he suffered permanent psychological injury from this unprovoked, vicious attack that would not have happened but for the negligence of the defendants.

COMPLAINT FOR DAMAGES
2

### JURISDICTION

5. This action is brought pursuant to the laws of the State of California, California Civil Code §52.1, 42 U.S.C. §§ 1983, 1988 and the Fourth, and Fourteenth Amendments to the United States Constitution.

### VENUE

6. Venue is proper in this judicial district because Plaintiff's injuries, damages and harm, including the violation of Plaintiff's Civil Rights occurred in this judicial district. Further, one or more of the DEFENDANTS reside and conduct business in this judicial district.

### PARTIES

7. At all times herein mentioned, Plaintiff, MELVIN ATKINS, was and is a resident of Marin City, County of Marin, State of California.

8. At all times herein mentioned, DEFENDANT ACCONERO was the employee, agent, servant, subcontractor, or other representative of DEFENDANTS CITY and POLICE DEPARTMENT, and in doing the things alleged hereinafter, was acting in the course and scope of his employment, agency, or other representation, and with the permission and consent of the City Council of Petaluma and/or the Petaluma Police Department.

9. At all times herein mentioned, DEFENDANT ACCORNERO was acting under color of law, to wit: under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of California, and the City of Petaluma.

10. The City of Petaluma is a municipality duly incorporated under the laws of the State of California.

### DOE DEFENDANTS

11. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise of DEFENDANT Does 1 through 100 inclusive and therefore sue these DEFENDANTS by such fictitious names. Plaintiff will amend his complaint to allege their true names and capacities when this has been ascertained. Plaintiff is informed and believe and thereon allege these named DEFENDANTS, and each of them, are legally responsible in some manner for the occurrences herein alleged, and that DEFENDANTS legally caused Plaintiff's injuries and

08/17/2007 10:34 FAX 4153312738      LAW OFFICES OE BONNER                    ☒005/010

1  damages as herein alleged.

## RESPONDEAT SUPERIOR

12. All of the described conduct, acts, and failures to act are attributed to agents and employees under the direction and control, and with the permission, consent, ratification and authorization of DEFENDANTS. Said acts, conduct and failures to act were within the scope of such agency and employment. At all times relevant herein, each participant was acting within the course and scope of his or her employment.

13. DEFENDANTS CITY and POLICE DEPARTMENT are responsible for the actions, policies and practices of its agents and employees. At all relevant times, DEFENDANTS CITY and POLICE DEPARTMENT were and continue to be responsible for assuring that the actions of their agents and employees comply with the United States and California Constitutions, Federal and State civil rights laws, other statutes and common law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Before invoking the jurisdiction of this Court, on May 18 2007, Plaintiff filed a claim for personal injuries with the CITY OF PETALUMA, pursuant to Government Code Section 910. The CITY OF PETALUMA denied Plaintiff's claim on June 29, 2007.

## FIRST CAUSE OF ACTION
### (VIOLATION OF UNITED STATES CIVIL RIGHTS LAWS)
### (42 U.S.C. Section 1983; Use of Excessive Force)
### Against all Defendants

15. Plaintiff MR. ATKINS re-alleges and incorporates by reference herein, the proceeding paragraphs of this complaint as though fully set forth herein.

16. At all times herein mentioned, DEFENDANT had an obligation to comply with the law as set forth in the Fourth Amendment and due process requirement of the Fourteenth Amendment to the United States Constitution, guaranteeing Mr. ATKINS right to be secure in his person and to be free from DEFENDANT'S use of excessive force against him. By failing to secure ROY and by allowing ROY to attack Mr. Atkins, DEFENDANT violated MR. ATKINS constitutionally guaranteed protections.

17. On December 19, 2006, DEFENDANT, through his attack dog "Roy," used unnecessary and excessive force on MR. ATKINS. DEFENDANT's attack dog attacked MR.

COMPLAINT FOR DAMAGES
4

OCT-03-2007(WED) 09:53    UNE     AL, INC.            (FAX)1+5.  373+0984          P.012/033

08/17/2007 10:34 FAX 4153812738         LAW OFFICES OF BONNER                    ☒ 009/010

ATKINS, caused him to fall off his bicycle, and bit him several times on his arm. Despite giving the "NO!" command several times, DEFENDANT ACCONERO'S attack dog did not stop attacking MR. ATKINS until DEFENDANT ACCONERO physically pulled the attack dog off MR. ATKINS' person. As a result of the unnecessary and excessive force, MR. ATKINS suffered severe physical injury and permanent psychological damage. There is no justification for why DEFENDANT ACCONERO allowed his unleashed attack dog onto the street, or for why the attack dog did not respond to repeated "NO!" commands from DEFENDANT ACCONERO, his handling officer.

18. At all times herein relevant, DEFENDANT ACCONERO was an employee of DEFENDANTS CITY AND POLICE DEPARTMENT.

19. At all times herein relevant, DEFENDANT ACCONERO acted or purported to act within the course and scope of their employment and under color of law.

20. In the conduct described above, DEFENDANTS acted willfully, wantonly, maliciously, oppressively, and with conscious disregard and deliberate indifference for MR. ATKINS' rights and are therefore liable for punitive damages.

21. As a legal cause of DEFENDANTS' practices, conduct and acts alleged herein, MR. ATKINS was denied his Federal Constitutional rights, and as a legal cause, he suffered, and continues to suffer, mental, emotional, physical and psychological distress, humiliation, embarrassment, anxiety, and pain.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### SECOND CAUSE OF ACTION
### (VIOLATION OF UNITED STATES CIVIL RIGHTS LAWS)
### (42 U.S.C. Section 1985 and 1983)
### Against all Defendants

22. Plaintiff MR. ATKINS re-alleges and incorporates by reference herein, the proceeding paragraphs of this complaint as though fully set forth herein.

23. MR. ATKINS is informed and believes and thereon alleges that DEFENDANTS agreed and conspired to fabricate false incident reports regarding the incidents surrounding the December 19, 2006 attack on MR. ATKINS.

24. By means of their unlawful, negligent acts leading to the vicious attack on MR.

1  ATKINS, and their deliberate indifference regarding the training of its officers and attack dogs,
2  DEFENDANTS conspired to interfere with MR. ATKINS civil rights and deprived him of liberty
3  without due process of law, in violation of the Fourth and Fourteenth Amendments of the
4  Constitution of the United States and 42 U.S.C. Sections 1983 and 1985.
5         WHEREFORE, Plaintiff requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### (NEGLIGENCE)
### Against all Defendants

8   25.   Plaintiff MR. ATKINS re-alleges and incorporates by reference herein, the
9  proceeding paragraphs of this complaint as though fully set forth herein.
10  26.   At the time of the incident, DEFENDANT ACCONERO was acting as a police
11 officer for DEFENDANT CITY and DEFENDANT POLICE DEPARTMENT.
12  27.   DEFENDANT ACCONERO was negligent in failing to use reasonable care in the
13 handling and control of his vicious attack dog, Roy. DEFENDANT ACCONERO was negligent
14 in allowing his attack dog off the leash and into the street to commit an attack on an unsuspecting
15 U.S. citizen, MR. ATKINS.
16  28.   DEFENDANT ACCONERO did not act as a reasonably prudent officer in the
17 situation. As a legal cause of DEFENDANT ACCORNERO's negligent acts and failure to act
18 prudently, MR. ATKINS was denied his Federal right against the use of excessive force, as well
19 as his State rights. And, as a legal cause, he suffered, and continues to suffer, mental, emotional,
20 physical and psychological distress, humiliation, embarrassment, anxiety, and pain.
21         WHEREFORE, Plaintiff requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
### (NEGLIGENT TRAINING and DELIBERATE INDIFFERENCE)
### Against All Defendants

24  29.   Plaintiff MR. ATKINS re-alleges and incorporates by reference herein, the
25 proceeding paragraphs of this complaint as though fully set forth herein.
26  30.   On December 19, 2006, during the course of his employment, DEFENDANT
27 ACCONERO recklessly, unlawfully, and negligently inflicted fear and violence upon Plaintiff.
28  31.   DEFENDANTS CITY and POLICE DEPARTMENT were negligent in failing to

09/17/2007 10:35 FAX 4153312736    LAW OFFICES DE BONNER    ☒008/010

1 afford DEFENDANT ACCORNERO, the proper and special training necessary for the duties
2 they could foreseeably expect him to perform in the course of his employment in that
3 DEFENDANT ACCONERO received inadequate training in regards to handling and controlling
4 his attack dog.

5     32.    As a direct and proximate result of the failure to adequately train DEFENDANT
6 ACCONERO, and DEFENDANT CITY'S and DEFENDANT POLICE DEPARTMENT'S
7 deliberate indifference towards the rights of MR. ATKINS, MR. ATKINS suffered unnecessary
8 and excessive force which included DEFENDANT ACCONERO'S attack dog Roy attacking,
9 biting, and causing MR. ATKINS to fall hard from his bicycle. The attack by the dog caused
10 MR. ATKINS to suffer severe physical, mental and emotional pain, and other damages,
11 including permanent lifelong emotional injuries.

12     WHEREFORE, Plaintiff requests relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
### (ASSAULT AND BATTERY)
#### Against All Defendants

15     33.    Plaintiff MR. ATKINS re-alleges and incorporates by reference herein, the
16 proceeding paragraphs of this complaint as though fully set forth herein.

17     34.    At the time of the incident, DEFENDANT ACCORNERO was acting as a Police
18 Officer for DEFENDANT POLICE DEPARTMENT and DEFENDANT CITY.

19     35.    DEFENDANT ACCONERO is responsible for allowing his attack dog to assault
20 and batter MR. ATKINS and subject MR. ATKINS to harmful and offensive touching without
21 his agreement and consent.

22     36.    As a result of the assault and battery, Plaintiff suffered damages as aforesaid.

23     WHEREFORE, Plaintiff requests relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
#### Against All Defendants

27     37.    Plaintiff MR. ATKINS re-alleges and incorporates by reference herein, the
28 proceeding paragraphs of this complaint as though fully set forth herein.

38. That by reason of the DEFENDANTS' extreme, outrageous and unwarranted intentional acts as herein above alleged, MR. ATKINS was caused to suffer severe mental, emotional, and psychic distress, humiliation, embarrassment, fear, anxiety, depression and extreme shock.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)
**Against all Defendants**

39. Plaintiff MR. ATKINS re-alleges and incorporates by reference herein, the proceeding paragraphs of this complaint as though fully set forth herein.

40. That by reason of the DEFENDANTS', extreme, outrageous and unwarranted negligent acts as herein above alleged, MR. ATKINS was caused to suffer severe mental, emotional, and psychic distress, humiliation, embarrassment, fear, anxiety, depression and extreme shock.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
### (TRESPASS TO CHATTELS)
**Against all Defendants**

41. Plaintiff MR. ATKINS re-alleges and incorporates by reference herein, the proceeding paragraphs of this complaint as though fully set forth herein.

42. DEFENDANTS intentionally interfered with MR. ATKINS' lawful possession of his bicycle, and other personal effects. Such interference caused quantifiable damage to the bicycle and personal effects of MR. ATKINS.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### NINTH CAUSE OF ACTION
### (VIOLATIONS OF MARIN COUNTY CODE)
### (Section 8.04.175)
**Against all Defendants**

43. Plaintiff Mr. Atkins re-alleges and incorporates by reference herein, the proceeding paragraphs of this complaint as though fully set forth herein.

44. Marin County Code, Chapter 8, section 8.04.175 - "Dog control by responsible

COMPLAINT FOR DAMAGES
8

person" states:

> Dogs shall at all times be kept under the immediate control and direction of a responsible person. Any dog which is not subject to such control and direction may be seized and impounded. (Ord. 3377 § 1 (part), 2003)

45. DEFENDANT ACCORNERO did not keep his attack dog, Roy, under his "immediate control and direction," and therefore violated section 8.04.175. On December 19, 2006, the attack dog Roy was not under physical restraint by the person (Defendant Accornero) responsible for Roy's handling.

46. DEFENDANT ACCORNERO'S failure to place his attack dog Roy under physical restraint caused the shocking, outrageous, unprovoked attack of MR. ATKINS, resulting in severe physical injuries, physical pain, as well as ongoing and permanent mental and emotional distress.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### PRAYER FOR RELIEF

1. For economic and non-economic damages in the amount according to proof at trial.
2. For punitive damages against Defendant Accornero in an amount according to proof.
3. For costs of the suit including reasonable attorney's fees;
4. For prejudgment interest at the prevailing legal rate;
5. For such other and further relief as the Court may deem proper.

DATED: September 13, 2007.

LAW OFFICES OF BONNER AND BONNER

BY: _____
A. CABRAL BONNER,
ATTORNEY FOR PLAINTIFF

COMPLAINT FOR DAMAGES
9