Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Tricia L. Hynes, Esq. (SBN: 212550)
thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant
CITY OF PETALUMA and
OFFICER PAUL ACCORNERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN ATKINS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF PETALUMA; PETALUMA POLICE DEPARTMENT; OFFICER PAUL ACCORNERO; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No:  C07-05524 SI<br><br>**DEFENDANTS CITY OF PETALUMA'S AND OFFICER PAUL ACCORNERO'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL** |

COMES NOW CITY OF PETALUMA AND OFFICER PAUL ACCORNERO (hereinafter "Defendants") who answer Plaintiff's Complaint as follows:

**INTRODUCTION**

1.　　In answer to the introduction paragraph of the Complaint, Defendants admit that the City of Petaluma and Paul Accornero are named in plaintiff's complaint.  The Petaluma Police Department is not an entity that can be sued.  Defendants deny the remaining allegations of the complaint on information and belief.

**STATEMENT OF FACTS**

2.　　In answer to paragraph 1, Defendants admit that the incident which is the subject of the lawsuit occurred on or about December 19, 2006 in the early morning.  Defendants further admit that Officer Accornero has a K-9 that was out of his vehicle. Defendants deny the remaining allegations of the paragraph based on information and belief.

3.  In answer to paragraph 2, Defendants deny the allegations of the Complaint based on information and belief.

4.  In answer to paragraph 3, Defendants deny the allegations thereof based on a lack of information and belief.

5.  In answer to paragraph 4, Defendants deny the allegations of the Complaint.

## JURISDICTION

6.  In answer to paragraph 5, Defendants admit that jurisdiction is proper in the United States District Court, Northern District of California.

## VENUE

7.  In answer to paragraph 6, Defendants admit that venue is proper in the United States District Court, Northern District of California.

## PARTIES

8.  In answer to paragraph 7, Defendants deny the allegations as stated therein based on a lack of information and belief.

9.  In answer to paragraph 8, Defendants admit that Officer Accornero was an employee of the Petaluma Police Department and acting in the course and scope of his employment. Defendants deny the remaining allegations of the Complaint.

10.  In answer to paragraph 9, Defendants admit that Officer Accornero was acting under color of law.

11.  In answer to paragraph 10, Defendants admit the allegations thereof.

## DOE DEFENDANTS

12.  In answer to paragraph 11, Defendants have no information or belief concerning the subjects described therein sufficient to enable them to answer the allegations of this paragraph, and on that ground denies generally and specifically every allegation contained therein.

## RESPONDEAT SUPERIOR

13.  In answer to paragraph 12, Defendants deny the allegations of the Complaint based on information and belief.

///

14. In answer to paragraph 13, Defendants admit that Defendants were bound to operate under federal and state law. Defendants are unable to admit or deny the remaining allegations of the paragraph as it is plead in so vague as manner as to make it unintelligible.

### **EXHAUSTION OF ADMINISTRATIVE REMIDIES**

15. In answer to paragraph 14, admit that Plaintiff's filed a claim which was rejected.

### **FIRST CAUSE OF ACTION**

16. In answer to paragraph 15, Defendants reallege their answers to paragraphs 1 through 14 with the same force and effect as if they were herein set out in full.

17. In answer to paragraph 16, Defendants admit they had an obligation to comply with the law. Defendants deny the remaining allegations of this paragraph.

18. In answer to paragraph 17, Defendants deny the allegations as stated therein based on information and belief.

19. In answer to paragraph 18, Defendants admit Officer Accornero was an employee of the Petaluma Police Department.

20. In answer to paragraph 19, Defendants admit Officer Accornero was acting in the course and scope of his employment and under color of law.

21. In answer to paragraph 20, Defendants deny the allegations therein.

22. In answer to paragraph 21, Defendants deny the allegations therein based on information and belief.

### **SECOND CAUSE OF ACTION**

23. In answer to paragraph 22, Defendants reallege their answers to paragraphs 1 through 21 with the same force and effect as if they were herein set out in full.

24. In answer to paragraph 23, Defendants deny the allegations contained therein.

25. In answer to paragraph 24, Defendants deny the allegations contained therein.

### **THIRD CAUSE OF ACTION**

26. In answer to paragraph 25, Defendants reallege their answers to paragraphs 1 through 24 with the same force and effect as if they were herein set out in full.

///

27. In answer to paragraph 26, Defendants admit that Officer Accornero is a member of the Petaluma Police Department.

28. In answer to paragraph 27, Defendants deny the allegations contained therein.

29. In answer to paragraph 28, Defendants the allegations contained therein based on information and belief.

## FOURTH CAUSE OF ACTION

30. In answer to paragraph 29, Defendants reallege their answers to paragraphs 1 through 28 with the same force and effect as if they were herein set out in full.

31. In answer to paragraph 30, Defendants deny the allegations therein.

32. In answer to paragraph 31, Defendants deny the allegations therein.

33. In answer to paragraph 32, Defendants deny each and every allegation contained therein based on information and belief.

## FIFTH CAUSE OF ACTION

34. In answer to paragraph 33, Defendants reallege their answers to paragraphs 1 through 32 with the same force and effect as if they were herein set out in full.

35. In answer to paragraph 34, Defendants admit that Officer Accornero is a member of the Petaluma Police Department.

36. In answer to paragraph 35, Defendants deny the allegations therein.

37. In answer to paragraph 36, Defendants deny the allegations therein based on information and belief.

## SIXTH CAUSE OF ACTION

38. In answer to paragraph 37, Defendants reallege their answers to paragraphs 1 through 36 with the same force and effect as if they were herein set out in full.

39. In answer to paragraph 38, Defendants deny each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

40. In answer to paragraph 39, Defendants reallege paragraphs 1 through 38 with the same force and effect as if they were herein set out in full.

41. In answer to paragraph 40, Defendants deny each and every allegation contained therein.

### EIGHTH CAUSE OF ACTION

42. In answer to paragraph 41, Defendants reallege paragraphs 1 through 40 with the same force and effect as if they were herein set out in full.

43. In answer to paragraph 42, Defendants deny each and every allegation contained therein.

### NINTH CAUSE OF ACTION

44. In answer to paragraph 43, Defendants reallege paragraphs 1 through 42 with the same force and effect as if they were herein set out in full.

45. In answer to paragraph 44, Defendants deny each and every allegation contained therein based on a lack of information and belief.

46. In answer to paragraph 45, Defendants deny each and every allegation contained therein.

47. In answer to paragraph 46, Defendants deny each and every allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants and each of them, at all times, acted in good faith, without malice and within the scope and course of their employment, and under the reasonable belief that their actions were lawful. Accordingly, Defendants and each of them are entitled to qualified immunity herein.

### THIRD AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's claims are founded upon principals of negligence, Plaintiff himself was negligent in and about the matters referred to in his Complaint. Such negligence bars or diminishes Plaintiff's recovery against Defendants.

///

///

## FOURTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to the provisions of California Government Code Sections 820.2 and 815.2.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to the provisions of California Government Code Sections 820.4 and 815.2.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for exemplary damages is precluded under California Government Code Section 818.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 818.8 and 815.2.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 820.8 and 815.2.

## NINTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 821.6 and 815.2.

## TENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 822.2 and 815.2.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege that they had probable cause to believe that their actions toward the Plaintiff were lawful.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants are immune from the claims contained in Plaintiff's Complaint pursuant to the provisions of California Penal Code Section 835.

///

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the claims contained in Plaintiff's Complaint pursuant to the provisions of California Penal Code Section 835(a).

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the claims contained in Plaintiff's Complaint pursuant to the provisions of California Penal Code Section 836.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the claims contained in Plaintiff's Complaint pursuant to the provisions of California Penal Code Section 836.5.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant CITY OF PETALUMA under 42 U.S. C. § 1983 are contrary to law, in that they are founded upon the doctrine of *respondeat superior.* Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a *respondeat superior* theory.  (*Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).)

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and thereby allege that Plaintiff's alleged damages or injuries, if any, were aggravated by the failure of Plaintiff and/or other individuals to use reasonable diligence to mitigate those injuries or damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants allege that Defendants took reasonable precautions with regard to protecting against any risk of injury complained of by Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants allege that the Plaintiff had the express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards and thereafter knowingly and willingly assumed those risks.

///

///

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff has waived his right to maintain the action filed in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is barred by the principal of estoppel from maintaining the action filed in this case.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants and each of them allege that they were privileged to detain Plaintiff at the time and place alleged.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that the Complaint, and each cause of action thereof, fail to state facts sufficient constitute an award of attorneys' fees against these Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff was comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Company* (1975) 13 Cal. 3d 804, and these Defendants pray that any and all damages sustained by said Plaintiff be reduced by the percentage of his negligence.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is guilty of willful misconduct which contributed to the happening of the incident which resulted in his alleged injuries.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claim for punitive damages is barred by the doctrine enunciated in *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247 (1981).

### JURY DEMAND

Defendants hereby demand trial by jury.

///
///
///
///

**PRAYER**

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of his Complaint and judgment be rendered in favor of Defendants including but not limited to the named Defendants herein;

2. That Defendants be awarded their costs incurred in the defense of this action; and

3. For such other relief as the Court deems proper.

Dated: October 31, 2007           Respectfully Submitted,

                                  MEYERS, NAVE, RIBACK, SILVER & WILSON


                                  By:     /s/   Kimberly E. Colwell
                                          Kimberly E. Colwell
                                          Attorneys for Defendant
                                          CITY OF PETALUMA and
                                          OFFICER PAUL ACCORNERO

1019525_1