Charles A. Bonner, Esq. (SBN: 85413)
A. Cabral Bonner, Esq. (SBN: 247528)
LAW OFFICES OF CHARLES A. BONNER
1913 Bridgeway
Sausalito, CA  94965
Telephone: (415) 331-3070
Facsimile: (415) 331-2738

Attorneys for Plaintiff
MELVIN ATKINS

Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Tricia L. Hynes, Esq. (SBN: 212550)
thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
CITY OF PETALUMA and
OFFICER PAUL ACCORNERO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN ATKINS,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF PETALUMA; PETALUMA POLICE DEPARTMENT; OFFICER PAUL ACCORNERO; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No:  C07-05524 SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:     May 14, 2008<br>TIME:     2:30 a.m.<br>DEPT:     Courtroom 10, 19th Floor<br>JUDGE:   Hon. Susan Illston<br><br>Complaint Filed: September 14, 2007<br>Trial Date: February 9, 2009 |

Joint Case Management Conference Statement [C07-05524 SI]

The parties to the above-entitled case jointly submit their Updated Case Management

Statement and request that the Court adopt this statement in issuing its case management order.

1.    Jurisdiction & Service.    This is a civil rights case, under 42 USC 1983, seeking damages,

for violation of the plaintiff's constitutional rights, thus jurisdiction is proper based upon 28 USC

§1441(b) based upon federal question.  All parties have been served.

2.    Facts:

    A.  Plaintiff's Facts:

The On December 19, 2006, at approximately 6:25 a.m., Plaintiff MELVIN ATKINS

(hereinafter 'MR. ATKINS') was riding a bicycle down the street across from the local Sheriff

Department Station in Marin City.  As MR. ATKINS rode past, a Petaluma Police Department

officer (DEFENDANT ACCONERO) was taking his K-9 attack dog, a Belgian Malinois named

Roy, from the back of a patrol car.  The dog saw MR. ATKINS and bolted towards him as if to

attack.  Startled, knowing that police K-9s are highly trained attack dogs, MR. ATKINS hit his

brakes hard, causing him to fly forward over the handle bars and into the air.

As the dog approached, MR. ATKINS heard Defendant ACCORNERO give the dog a

"NO!" command.  MR. ATKINS hit the ground hard with a thud.  Dazed, MR. ATKINS could feel

the dog biting him in several different spots on his body.   After the attack, MR. ATKINS could feel

DEFENDANT ACCORNERO trying to place himself between MR. ATKINS and the dog, while

continuing to give the dog the "NO!" command.  As MR. ATKINS lay on the ground, he could see

DEFENDANT ACCORNERO physically carrying the dog away in his arms and continuing to give

the "NO!" command as the dog continued to bark

After the attack, MR. ATKINS went to the emergency room at Marin General Hospital.

Subsequently he made several visits to the Marin City Clinic and has received treatment from a

therapist regarding the incident.

    B.  Defendants' Facts:

On December 19, 2006, at 6 a.m., Officer Paul Accornero was with his K-9 dog, Roy,

when Mr. Atkins came riding down the middle of the street on a bike.  Officer Accornero heard Mr.

Atkins jam on his breaks and saw Mr. Atkins fall.  Roy went over to Mr. Atkins, who was wearing

1

layers of puffy jackets like the K-9 trainers wear, and Roy put his jaw around Mr. Atkins' elbow. Officer Accornero immediately gained control of the dog. Roy did not break through Mr. Atkins' skin at all and Mr. Atkins admitted he was fine, but as he was about to leave, an individual came over to the two men and repeatedly told Mr. Atkins that he should sue the City. Subsequently, Mr. Atkins did.

3.    Legal Issues:

    a.      Whether Mr. Atkins was injured?

    b.      Whether any of Mr. Atkins' rights were violated?

    c.      Whether Officer Accornero and the City are entitled to qualified immunity?

4.    Motions:  Defendants may bring a summary judgment motion based upon qualified immunity.

5.    Amendment of Pleadings: N/A.

6.    Evidence Preservation:  Defendants have notified all relevant departments to maintain and preserve anything related to this Action.

7.    Disclosures:  The parties will exchange their Disclosures prior to this Conference.

8.    Discovery:  The parties have agreed to hold off on depositions and exchanging written discovery until after attending an early settlement conference, provided the parties make their Rule 26 disclosures.

9.    Class Actions: N/A.

10.    Related Cases:  N/A.

11.    Relief: Plaintiff has suffered and continues suffer physical and emotional injuries as a result of the attack.  Plaintiff seeks to recover for his out of pocket economic losses for medical and mental health expenses and other economic losses.  Additionally plaintiff seeks recovery for his non-economic damages.

12.    Settlement and ADR:  The parties have a further settlement conference scheduled on May 2, 2008 before Magistrate Judge Zimmerman.

13.    Consent to Magistrate Judge For All Purposes:  Defendants previously declined to proceed before a Magistrate Judge.

14.     Other References: N/A.

15.     Narrowing of Issues:  Unknown at this time.

16.     Expedited Schedule: N/A.

17.     Scheduling: Each party may take all depositions agreed to by code or as agreed to between parties; Each Party shall be entitled to propound written discovery;  Each party may propound unlimited requests for production of documents or things;  Each party may propound unlimited request for admissions;  Fact discovery cutoff on **September 12, 2008;** Expert disclosures and reports by **October 3, 2008**;  Expert rebuttal reports **October 17, 2008**;  Expert dispositions to be completed by **October 30, 2008**; Last day of hearing on motions **November 7, 2008**; The parties agree to meet and confer concerning any modifications to this plan.

18.     Trial:  Plaintiff requests jury trial; defendants reserve.  Estimated length of trial is 3 days. Trial set for:  **February 9, 2009**.;  Pre-trial conference set for:  **January 26, 2009**; Mandatory pre-trial settlement conference set for:  **February 2, 2009**.

19.     Disclosure of Non-Party Interested Entities or Persons:  The parties will separately file their "Certification of Interested Entities or Persons."  Defendants are presently unaware of any other interested parties.

20.     Any Other Matters: N/A.

Dated:  April 25, 2008          LAW OFFICES OF CHARLES A. BONNER


By:_____/s/_____
          Cabral Bonner
          Attorneys for Plaintiff
          MELVIN ATKINS

Dated:  April 25, 2008          MEYERS, NAVE, RIBACK, SILVER & WILSON


By:_____/s/_____
          Tricia L. Hynes
          Attorneys for Defendants
          CITY OF PETALUMA and
          OFFICER PAUL ACCORNERO

1088541_1

Joint Case Management Conference Statement [C07-05524 SI]